UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

David Kilama Oling,

               Petitioner

v.

Pamela Bondi, et al.,

               Respondents

Case No. 2:26-cv-00185-CDS-DJA

**Order Denying Petitioner's Petition for Writ of Habeas Corpus and Motion for a Temporary Restraining Order**

[ECF Nos. 4, 11]

Petitioner David Kilama Oling is a citizen of South Sudan who immigrated to the United States in 2006 with permission as a Lawful Permanent Resident (LPR). *See* I-213 Form, Resp'ts' Ex. A, ECF No. 9-1 at 2–3. Between 2014 and 2017, he received numerous criminal convictions in Utah. *Id.* at 3. On November 24, 2017, he received an order of removal that has become final. Removal Order, Resp'ts' Ex. B, ECF No. 9-3. In May 2025, he was arrested in Utah again for various controlled substance, firearm, and assault charges—including an aggravated felony charge related to forgery under Utah Criminal Code 76-6-501. ECF No. 9-1 at 3. On November 3, 2025, the Department of Homeland Security (DHS) issued a warrant for the petitioner's removal. *See* Warrant, Resp'ts' Ex. C, ECF No. 9-4. DHS has detained the petitioner since that date, seeking to remove him to a third country. Resp. to pet., ECF No. 9 at 3.

Oling filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2241 (ECF No. 4) and a motion for a temporary restraining order (ECF No. 11). Both the petition and motion seek his immediate release. *See* Pet., ECF No. 4; Mot., ECF No. 5. The respondents oppose such relief, arguing that Oling's detention pending removal is authorized under 8 U.S.C. § 1231(a)(6) and constitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 9 at 2; Resp. to mot., ECF No. 12 at 1–2. The petition is fully briefed. Reply, ECF No. 10. For the reasons stated herein, I deny the petition and motion without prejudice.

## I.      Discussion

As a threshold matter, I find that I have jurisdiction over this action because the petitioner is challenging the constitutionality of his immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining a district court may review immigration-related detentions to determine if they comport with the requirements of the Constitution).

As for due process, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to due process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Generally, when an order for removal of a noncitizen becomes administratively final, the Attorney General must remove the noncitizen "within a period of 90 days." 8 U.S.C. § 1231(a)(1).[1] Detention beyond this 90-day period is allowed only for a reasonable period. *Zadvydas*, 533 U.S. at 701. A period of detainment of six months or less is considered presumptively reasonable. *Id.* After six-months, the government bears the burden of rebutting the petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Here, Oling has been detained since November 3, 2025. The period of his detention is therefore greater than ninety days but less than six months. As such, per *Zadvydas*, the petitioner's detention is presumptively reasonable.

---

[1] The parties do not dispute that 8 U.S.C. § 1231(a) applies here. *See* ECF No. 4-1 at 6, 9–10.

The parties mischaracterize the *Zadvydas* framework. Under *Zadvydas*, a period of detention less than six months is presumptively reasonable. 533 U.S. at 701. Only after this six-month period expires does the government bear the burden of showing a significant likelihood that removal is reasonably foreseeable. *Id.* The Supreme Court created this six-month period "for the sake of uniform administration in the federal courts." *Id.* A petitioner cannot sidestep this aim by trimming the six-month period which binds this court. *See id.*; *see also Xi v. INS*, 298 F.3d 832 (9th Cir. 2002). So, at this time, it is premature for the court to examine the likelihood of Oling's removal. And the arguments as to Oling's cooperation with his removal do not ripen the issue.[2]

Because Oling's detainment is presumptively reasonable, I deny his petition without prejudice. For this same reason, I also deny his motion for a temporary restraining order because he has failed to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023) (holding that the movant's failure to show a likelihood of success on the merits is dispositive and precludes injunctive relief).

---

[2] In their response to Oling's petition, the respondents argue that his *Zadvydas* claim is foreclosed because he "does not allege that he made any effort to obtain travel documents, such as by submitting applications for travel documents to embassies or consulates." ECF No. 9 at 13. In reply, Oling opposes this argument and points to *Salimabadi v. Noem*, No. 2:25-CV-02508-JAD-DJA, 2026 WL 93159, at *4–5 & n.40 (D. Nev. Jan. 13, 2026). There, Judge Dorsey described the government's argument—that the petitioner's arrest was proper because he failed to affirmatively seek removal documents and therefore violated his conditions of supervision—as "specious" because (1) the order of supervision did not require the petitioner to "affirmatively seek travel documents when he wasn't asked to assist with those efforts," and (2) the evidence did not show that "his release was formally revoked for that reason or that he was informed that he was informed" of this reason when arrested. *Id.*

Here, the facts are distinct because the petitioner in *Salimabadi* had been detained for over six months. As such, the *Zadvydas* burden-shifting framework applied, and Judge Dorsey took issue with the government's attempt to pawn its burden of proving that removal was foreseeable onto the petitioner. But here, the six-month period has not expired, so the burden-shifting framework does not yet apply, and while concerned about the likelihood of Oling's removal, the court does not inquire into it at this time.

II.    Conclusion

IT IS HEREBY ORDERED that Oling's petition for writ of habeas corpus [ECF No. 4] is denied without prejudice.

IT IS FUTHER ORDERED that Oling's motion for a temporary restraining order [ECF No. 11] is denied.

Dated: March 19, 2026

_____
Cristina D. Silva
United States District Judge

4