UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| David Kilama Oling, | Case No. 2:26-cv-00185-CDS-DJA |
| Petitioner | **Order Granting Petitioner's Motion for Reconsideration and Granting in Part Petitioner's Petition** |
| v. | |
| Todd Blanche, et al., | [ECF Nos. 4, 15] |
| Respondents | |

On March 19, 2026, this court denied petitioner David Kilama Oling's petition for writ of habeas corpus because his prolonged detention claim was not yet ripe. Order, ECF No. 13. Oling now moves for reconsideration of that order. Mot., ECF No. 15. After instructing the respondents to inform the court of the status of Oling's removal, they instead filed a notice of non-opposition to Oling's motion. Notice, ECF No. 20. For the reasons set forth below, I grant the motion for reconsideration and order Oling to be released.

I.      Discussion

A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* Local Rule 59-1(a) ("A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity."). Further, Local Rule 7-2(d) provides that the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."

Here, the respondents filed a notice of non-opposition to the motion for reconsideration. ECF No. 20. As such, they consent to the granting of that motion. Also, a change in circumstances warrants reconsideration of Oling's previously denied petition: He has now been detained for over six months, so unlike before, his detention is no longer presumptively reasonable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (explaining that the presumptively reasonable period of detention is six months); *see also* ECF No. 13 at 2–3 (noting that Oling has been detained since November 3, 2025, so the presumptively reasonable period extends to May 3, 2026). The respondents have neither informed the court of the status of Oling's removal nor shown that such removal is reasonably foreseeable. Thus, Oling's immediate release is warranted under the Fifth Amendment's Due Process Clause. Oling is ordered released under an order of supervision, with appropriate conditions, consistent with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(3).

**II.     Conclusion**

IT IS HEREBY ORDERED that the motion for reconsideration **[ECF No.  15] is GRANTED.**

IT IS FURTHER ORDERED that the petition for writ of habeas corpus **[ECF No. 4] is granted in part:** Oling's Fifth Amendment prolonged detention claim is granted, and the remaining claims are denied without prejudice.

IT IS FURTHER ORDERED that the respondents are ordered to release Oling by 6:00 p.m. on May 15, 2026. Oling is to be released from custody and given a notice to appear before an immigration judge so he can be placed on an order of supervision consistent with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(3).

IT IS FURTHER ORDERED that the parties must file a joint status report no later than May 22, 2026, advising the status of compliance with this order, including when Oling was released and the conditions of his order of supervision. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: May 14, 2026

_____
Cristina D. Silva
United States District Judge